**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:  13-CV-01441-RM-KLM

ALAN J. ROMENS,

Plaintiff,

v.

CITY OF COLORADO SPRINGS,

Defendant.

---

**DEFENDANT'S MOTION TO DISMISS**

---

COMES NOW Defendant, the City of Colorado Springs ("City"), pursuant to Rules 12(b)(1) and 12(b)(6), Fed.R.Civ.P., and submits the following Motion to Dismiss Plaintiff's Complaint [Doc 1] and in support states as follows:

**Certificate of Compliance, D.C.COLO.L.CivR 7.1(A)**

Undersigned counsel has undertaken the following attempts to resolve the pleading deficiencies presented in this motion:  (a) permitting Plaintiff's counsel access to civilian Marshal and Police Officer Marshal work logs for in-person review on or about April 15, 2013, to demonstrate differences in job duties; (b) letter to Plaintiff's counsel dated October 3, 2013 regarding pleading deficiencies addressed by this Motion; (c) conference with Plaintiff's counsel on October 18, 2013, during which the legal deficiencies of Plaintiff's complaint were discussed without resolution; and (d) letter to

Plaintiff's counsel dated October 24, 2013, enclosing job descriptions of civilian Marshal and Police Officer Marshal and presenting the argument set forth herein regarding statute of limitations. Despite these efforts, except as otherwise noted, the parties have been unable to resolve the disputes set forth herein.

## I. INTRODUCTION

Plaintiff Alan J. Romens (Romens) alleges that he has been denied Equal Protection in violation of the Fourteenth Amendment of the U.S. Constitution pursuant to 42 U.S.C. § 1983. [Doc 1, ¶62]. Specifically, Romens alleges that as a civilian peace officer within the City's Marshal's Unit [Doc. 1, ¶11] he has suffered a pay disparity as compared to sworn Police Officers within the City's Marshal's Unit [Doc. 1, ¶53-55].

## ARGUMENT

### I. PLAINTIFF'S CLAIMS ARE BARRED BY THE APPLICABLE TWO YEAR STATUTE OF LIMITATIONS

#### A. Standard of Review

Rule 12(b)(1), Fed.R.Civ.P., permits challenges to the Court's subject matter jurisdiction via a motion to dismiss. The Plaintiff bears the burden to establish by competent evidence that this Court has jurisdiction to hear his claims. *Jones v. Runyon,* 91 F.3d 1398, 1399 (10th Cir. 1996). When raising a jurisdictional challenge pursuant to Rule 12(b)(1), a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. *Holt v. United States,* 46 F.3d 1000, 1003 (10th Cir. 1995). In considering a 12(b)(1) motion, "a court has 'wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts.'" *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001) (quoting *Holt v. United States*, 46 F.3d 1000, 1003

(10th Cir. 1995)). An underlying EEOC charge is among the documents appropriate for consideration in determining subject matter jurisdiction under Rule 12(b)(1). *Jones v. Runyon*, 91 F.3d 1398, 1400 (10th Cir. 1996); *Jenkins v. Educ. Credit Mgmt. Corp.*, 212 Fed.Appx. 729, 732 (10th Cir. 2007)(unpublished).

### B. Argument

Plaintiff's Complaint (the "Complaint") is brought pursuant to the Court's jurisdiction under 42 U.S.C. § 1983. [Doc. 1 at pg. 8]. Congress did not specify the length of the statute of limitations to be applied to section 1983 actions. *Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir. 1993). Thus, "federal law borrows the most analogous state statute of limitations." *Wilson v. Garcia,* 471 U.S. 261, 263-64 (1985). The limitations period for a § 1983 claim is "that which the State provides for personal-injury torts." *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Colorado, a two year statute of limitations period is applicable to personal injury claims. *See* C.R.S. § 13-80-102.

While the limitations period is borrowed from State law, the accrual date of a § 1983 claim is determined by federal law. *Wallace*, 549 U.S. at 388. "Since the injury in a § 1983 case is the violation of a constitutional right ... such claims accrue 'when the plaintiff knows or should know that his or her constitutional rights have been violated.'" *Smith v. City of Enid,* 149 F.3d 1151, 1154 (10th Cir.1998) (quoting with approval *Lawshe v. Simpson,* 16 F.3d 1475, 1478 (7th Cir.1994)); *see also Fratus v. DeLand,* 49 F.3d 673, 675 (10th Cir. 1995) ("A civil rights action accrues when 'facts that would support a cause of action are or should be apparent.'") (citations omitted). Thus, the Court must "'identify the constitutional violation and locate it in time.'" *Smith v. City of Enid,* 149 F.3d at 1154 (citation omitted).

Prior to filing the Complaint, Plaintiff filed a charge with the EEOC which he signed affirming his factual statements therein on June 4, 2010 (the "Charge"). [Exh. 1]. In the Charge, Plaintiff states awareness that a "police officer" assigned to the municipal Marshal unit (e.g., a "sworn Marshal") is paid more per hour than Plaintiff. [Exh. 1 at 2]. That statement demonstrates Plaintiff's actual knowledge no later than June 4, 2010 of the pay disparity which forms the basis of the Complaint. Thus, the applicable two year statute of limitations expired June 4, 2012. The Complaint was filed after this date, on June 4, 2013. [Doc 1]. Thus, Plaintiff's claim is properly dismissed pursuant to Rule 12(b)(1) because it was filed beyond the applicable two year statute of limitations.

## II. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BASED ON FAILURE TO STATE A CLAIM PURSUANT TO 12(b)(6) OR ALTERNATIVELY, AS DEVOID OF MERIT PURSUANT TO 12(b)(1)

### A. Standard of Review

Rule 12(b)(6), Fed.R.Civ.P., authorizes a defendant to move to dismiss a claim for "failure to state a claim upon which relief can be granted." Although the rules applicable to pleadings are generous, they are not without limits. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief . . . .'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(citation omitted). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). However, Plaintiff's Complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting in part *Twombly* 55 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. "Threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Further, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. If the Plaintiff's allegations "are so general that they encompass a wide swath of conduct, much of it innocent, then the [Plaintiff has] 'not nudged [his] claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 569). Although Rule 12(b)(6) does not require a plaintiff to establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

In addition, dismissal of a federal claim for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) is appropriate where the claim "is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666 (1974)). A claim is insubstantial and frivolous when "[its] unsoundness so clearly results from the previous decisions of [the Supreme Court] as to foreclose the subject and leave no room for the inference that questions sought to be raised can be the subject of controversy." *Hannis Distilling Co. v. City of Baltimore,* 216 U.S. 285, 288 (1910).

### B. Argument: Plaintiff's Allegations Contradict the Required Showing of Similarly Situated

"The Equal Protection Clause of the Fourteenth Amendment prohibits any state from denying 'any person within its jurisdiction the equal protections of the laws.'" *Teigen v.*

*Renfrow*, 511 F.3d 1072, 1083 (10th Cir. 2007) (quoting U.S. Const. amend. XIV, § 1). The Equal Protection Clause "embodies a general rule that States must treat like cases alike but may treat unlike cases accordingly." *Id.* (quoting *Vacco v. Quill*, 521 U.S. 793 (1997)). To state a claim for violation of the Equal Protection Clause, Plaintiff must plead facts showing "that a similarly-situated person or group" was treated more favorably by the government. *Kleinsmith v. Shurtleff*, 571 F.3d 1033, 1047 (10th Cir. 2009) (stating elements of Equal Protection claim); s*ee also City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) ("The Equal Protection of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike."). However, the Equal Protection Clause "does not deny to States the power to treat different classes of persons in different ways." *Reed v. Reed*, 404 U.S. 71, 75-76 (1971).

In this case, Plaintiff fails to allege that two similarly situated persons or groups were treated differently. Rather, Plaintiff alleges that two distinct groups: (a) Police Officer Marshals, who are uniformed members of the CSPD [Doc 1 at ¶10], and (b) civilian Marshals [Doc 1 at ¶11] are paid different rates for allegedly similar work. [Doc 1 at ¶ 52-53]. "To be 'similarly situated' the individuals 'must be prima facie identical in all relevant respects or directly comparable in all material respects; although this is not a precise formula, it is nonetheless clear that similarly situated individuals must be very similar indeed.'" *Ebonie S. ex rel. Mary S. v. Pueblo Sch. Dist. 60*, 819 F.Supp.2d 1179, 1189 (D. Colo. 2011) (quoting *U.S. v. Moore*, 543 F.3d 891 (7th Cir. 2008)). Here, on the face of the Complaint, it is apparent that Plaintiff, a civilian Marshal, is within a

category that is not identical to sworn City Police Officers assigned to the Marshal unit. Plaintiff's complaint is that two groups situated differently, i.e., by their status as sworn or civilian, are treated differently and paid differently based on that status.[1] For this reason, Plaintiff's claim is not sustainable as a matter of law under the Equal Protection Clause and is, therefore, properly dismissed pursuant to Rule 12(b)(6). *See Brown v. Montoya*, 662 F.3d 1152, 1172-73 (10th Cir. 2011) ("to assert a viable equal protection claim, plaintiffs must first make a threshold showing that they were treated differently from others who were similarly situated to them."); *see also Robillard v. Bd. of Cnty. Comm'rs of Weld Cnty. Colo.*, 2012 WL 4442822, *2 (D. Colo. 2012) (dismissing Equal Protection claim under Rule 12(b)(6) for failure to allege similarly situated categories).

Moreover, Plaintiff's assertions in the Complaint that *civilian* and *sworn* Marshals performed the same or substantially similar work is so implausible or otherwise completely devoid of merit as not to involve a federal controversy; thus, in the alternative, dismissal of Plaintiff's claim is justified pursuant to Rule 12(b)(1).

### C. Argument: As a Matter of Law Employee Pay Classification is Supported by a Rational Basis, and Plaintiff Has Failed to Plead Facts to Overcome that Presumption of Rationality

Finally, where a plaintiff does not allege classification based on a suspect class or involving burdens a fundamental right, the government classification will be upheld "if it is 'rationally related to a legitimate government purpose or end.'" *Teigen*, 511 F.3d at 1083 (quoting *Christian Heritage Acad. v. Okla. Secondary Sch. Activities Ass'n*, 483 F.3d 1025, 1031-31 (10th Cir. 2007). Thus, an equal protection claim will fail where

---

[1] Plaintiff's counsel in conference regarding this issue has disclaimed any intention to assert a "class of one" claim on behalf of Plaintiff. Thus, the Supreme Court's holding in *Engquist v. Oregon Department of Agriculture,* 533 U.S. 591, 594 (2008), holding that a class of one Equal Protection claim has no place in the public employment context, is not addressed in this analysis.

"there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *Copelin-Brown v. N.M. State Pers. Office*, 399 F.3d 1248, 1255 (10th Cir. 2005). "To survive a motion to dismiss for failure to state a claim, a plaintiff must allege facts sufficient to overcome the presumption of rationality that applies to governmental classifications." *Brown v. Zavaras*, 63 F.3d 967, 971-72 (10th Cir. 1995). When undertaking rational scrutiny, the Court is not bound by rational ground offered by the governmental entity but "is *obligated* to seek out other conceivable reasons for validating [the classification policy]." *Powers v. Harris*, 379 F.3d 1208, 1217 (10th Cir. 2004). The rational basis "determination is a legal question which need not be based on any evidence or empirical data." *Teigen*, 511 F.3d at 1084.

The rationality of classifying employees for purposes of pay and benefits has been consistently upheld when challenged on equal protection grounds. *Hodges v. City of Colorado Springs*, 962 F.2d 17, 1992 WL 92767 *1 (10th Cir. 1992) (unpublished) ("The differences between the duties of police officers and civilian employees demonstrate that the two groups are not similarly situated for equal protection analysis."); *see also Vandermark v. City of New York*, 391 Fed.Appx. 957, 959 (2nd Cir. 2010) (unpublished) (upholding district court finding that there were numerous reasonable bases on which the City of New York may decide that NYPD officers and Environmental Police Officers should receive different compensation and benefits); *Arnold v. City of Columbia*, 197 F.3d 1217, 1221 (8th Cir. 1999) (upholding pay grade classification system) (citing *Knapp v. Hanson*, 183 F.3d 786, 789 (8th Cir. 1999) (upholding longevity benefits available to state highway patrol employees but not available to other employees of the state department of public safety)); *Shaw v. State of Oregon Public Employees'*

*Retirement Board*, 887 F.2d 947, 949 (9th Cir. 1989) (affirming dismissal of equal protection claim based on state statute providing higher pension for fire and police than for general civil servants of same seniority and final pay); *Stinemetz v. McWherter*, 919 F.2d 739, 1990 WL 198243 *6 (M.D. Tenn. 1990) (unpublished) ("While the qualifications and duties of teachers in different departments may be similar, the Tennessee legislature has rationally determined that differences between departments merit differences in pay," and upholding dismissal of equal protection claim); *Confederation of Police v. City of Chicago*, 481 F.Supp. 566, 568 (N.D. Ill. 1980) ("The functional differences between police officers and other city employees may justify different treatment for the police officers.") (citing *State ex rel. Wallace v. City of Celina*, 279 N.E.2d 866 (Oh. 1972) (upholding separate classification of judges by state based on functional differences)). Moreover, Plaintiff has failed to allege any facts in support of his burden to demonstrate the absence of rationality inherent in the City's decision to classify civilian and sworn marshals separately. *See Brown*, 63 F.3d at 971-72. For these reasons, Plaintiff's complaint is not sustainable as a matter of law and is properly dismissed pursuant to Rule 12(b)(6) or, in the alternative, Rule 12(b)(1), Fed.R.Civ.P.

### III. Plaintiff Fails to State a Claim for Relief on Behalf of "All Employees Who Have Lost Wages As A Result of the Policy"[2]

Plaintiff's Prayer For Relief at subsection c, seeks "back pay to all employees who have lost wages as a result of the policy." [Doc 1 at 9]. Such a claim for relief is not sustainable and is properly dismissed because Plaintiff has not pled facts supporting class representation as required under Rule 23, Fed.R.Civ.P. Nor are such other employees individually named as parties to this case. Therefore, as unnamed and

---

[2] Plaintiff's counsel, in conference, has stated the intent to amend the Complaint to correct this error. This pleading deficiency is only noted here in order to preserve the City's objection.

unrepresented parties, the Court cannot exercise jurisdiction over those similarly situated persons and enter any findings or judgment on their behalf. For these reasons, it is proper, pursuant to Rule 12(b)(1) to strike Plaintiff's Prayer for Relief to the extent it seeks damages on behalf of parties other than Plaintiff.

WHEREFORE, for the foregoing reasons, it is respectfully requested that this Honorable Court enter an order granting the Defendant's Motion to Dismiss Plaintiff's Complaint with prejudice, and for any further relief this Court deems appropriate.

Respectfully submitted this 4th day of November 2013.

**Attorneys for Defendant,
City of Colorado Springs**

Christopher J. Melcher
City Attorney/Chief Legal Officer
Reg. No. 26749

*s/Christie R. McCall*
Christie R. McCall, #35280
Senior City Attorney – HR Division
Tracy Lessig, #27566
Division Chief – HR Division
Colorado Springs City Attorney's Office
P. O. Box 1575, Mail Code 510
Colorado Springs, Colorado 80901-1575
Telephone: (719) 385-5909
Facsimile: (719) 385-5535
cmccall@springsgov.com

## **CERTIFICATE OF SERVICE (CM/ECF)**

   I hereby certify that on the 4th day of November 2013, I electronically filed the foregoing **DEFENDANT'S MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

Ian D. Kalmanowitz, #32379
Cornish & Dell'Olio, PC
431 N. Cascade Ave., Ste. 1
Colorado Springs, CO 80903
ikalmanowitz@cornishanddellolio.com

                *s/Diana Petrocelli*
                Diana Petrocelli
                Legal Assistant

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA ☒ EEOC | 541-2010-01622 |

**Colorado Civil Rights Division** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Alan J. Romens | | 02-02-1956 |

| Street Address | City, State and ZIP Code |
|---|---|
| 5135 Coneflower Ln, Colorado Springs, CO 80917 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| CITY OF COLORADO SPRINGS POLICE DEPARTMENT | 500 or More | (719) 444-7595 |

| Street Address | City, State and ZIP Code |
|---|---|
| 705 S. NEVADA, Colorado Springs, CO 80904 | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☒ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☒ OTHER (Specify) EQUAL PAY FOR EQUAL WORK

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: JAN. 2009  Latest: 05-17-2010
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired on June 12, 1985 and most recently perform the duties of a City Marshal.

All City Marshals in my unit are over the age of forty (40). Recently, we had a younger police officer assigned to our unit who performs ninety percent (90%) of the same duties City Marshals perform; yet, he is paid $5.00 more an hour.

I believe I have been discriminated against because of my age (58) in violation of the Age Discrimination in Employment Act of 1967, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

X 06-04-11   X [signature]
Date          Charging Party Signature

**EXHIBIT 1**