IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01441-RM-KLM

ALAN J. ROMENS,

    Plaintiff,

v.

CITY OF COLORADO SPRINGS,

    Defendant.

_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendant's <u>Unopposed</u> Motion For Protective Order and to Vacate Scheduling Order Deadlines** [#18][1] (the "Motion"). In the Motion, Defendant requests a stay of all discovery until resolution of the pending motion to dismiss [#10].

Although a stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June

---

[1] "[#18]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

6, 2007) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (A stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that ordering a stay of discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject matter jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

When exercising its discretion to enter a stay, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the Court; (4) the interests of nonparties; and (5) the public interest. *String Cheese Incident, LLC,* 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL

348635, at *2 (D. Kan. Aug. 6, 1987)).

In this case, staying discovery would apparently not prejudice Plaintiff, as he is unopposed to the Motion. Therefore, the Court finds that the first *String Cheese Incident* factor weighs in favor of a stay. With regard to the second factor, it appears Defendant will not be burdened by a stay because it is seeking a stay. The Court therefore finds that the second *String Cheese Incident* factor weighs in favor of a stay. With regard to the third factor, it is certainly more convenient for the Court to enter a stay until it is clear that the case will move forward. The Court therefore finds that the third *String Cheese Incident* factor weighs in favor of a stay. With regard to the fourth and fifth factors, Defendant states that all of the witnesses other than Plaintiff identified in this case are public employees. *Motion* [#18] at 5. Defendant argues that those witnesses have an interest in a stay of discovery so they do not have to endure discovery which "would divert important resources from public safety and government operations." *Id*. Further, "the public interest is served by preventing the defendants from diverting valuable time and resources that might otherwise be directed toward their public duties." *Alvarez-Cortez v. Vallaria*, No. 11-cv-02307-WYD-KMT, 2012 WL 12863, at *3 (D. Colo. Jan. 4, 2012). Accordingly, the fourth and fifth *String Cheese Incident* factors weigh in favor of a stay.

IT IS HEREBY **ORDERED** that the Motion [#18] is **GRANTED**. Accordingly,

IT IS FURTHER **ORDERED** that all discovery is **STAYED** pending resolution of

Defendant's Motion to Dismiss [#10].

Dated: December 3, 2013

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge