**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 13-cv-01441-RM-KLM

ALAN J. ROMENS,

Plaintiff,

v.

CITY OF COLORADO SPRINGS

Defendant.

_____

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

_____

## I.      INTRODUCTION

This matter is before the court on defendant City of Colorado Springs' (defendant)

Motion to Dismiss plaintiff Alan J. Romens' (plaintiff) Complaint under Fed R.Civ.P. 12(b)(6).

Defendant moves to dismiss, arguing that plaintiff's claims: (1) are barred by the applicable 2-

year Statute of Limitations and (2) fail to state a claim.  (ECF Nos. 10 and 21).

Plaintiff's Complaint alleges that defendant "maintains a policy, practice, procedure or

custom of paying different wages to employees who perform the same or substantially similar

work . . . in positions of Sworn Marshals and civilian Marshals" in violation of the "guarantees

of the Equal Protection Clause of the Fourteenth Amendment" and 42 U.S.C. §1983.  (ECF No.

1).  Plaintiff brings this action against defendant, his former employer, alleging that defendant

"adopted a policy of paying two groups of similarly situated individuals employed as marshals

differently for performing the same work."  (ECF NO.17, p.1).  Plaintiff contends that this policy

created an ongoing "continuing violation of his Constitutional rights . . . every time he received a pay check from the City."  (ECF No.17, p.4).

## II.      BACKGROUND

The following facts are gleaned from plaintiff's Complaint and, as required, are construed in the light most favorable to plaintiff.  *Alvarado v. KOB-TV, L.L.C.,*  493 F.3d 1210, 1215 (10th Cir. 2007).

The City of Colorado Springs tasks the City of Colorado Springs Police Department (CSPD) with providing law enforcement and public safety operations for the City of Colorado Springs.  (ECF No.1, p.2).  The City Marshal's Unit is part of the CSPD and is established by the City Code of the City of Colorado Springs.  *Id.*  The CSPD employs both uniformed or sworn officers and civilian officers.  *Id.*

Both types of officers are subject to the CSPD rules, regulations, physical fitness requirements and orders, must swear an oath, maintain valid Colorado P.O.S.T. certification[1] and be properly trained and qualified in the use of firearms and the PR-24 baton (or its equivalent).  (ECF No.1. pp.2-5).  Both types of officers are subject to the same chain of command and have duties including: providing court security, transporting prisoners to and from jail and court, serving arrest warrants, write and processes preparing adult and juvenile "re-writes" for the courts, enforcing parking and other City ordinances, conducting investigative work and working with other law enforcement agencies as necessary.  (ECF No.1, pp.4-5).

Defendant employed plaintiff for approximately twenty-seven years and as a civilian officer for approximately four years.  (ECF No.1, pp.6-7).  While employed as a civilian officer, plaintiff performed all of the above listed duties but was paid at a lower salary base that the uniformed/sworn officers and unlike the sworn officers who received a paid 30-minute lunch

---

[1] Certification by the Peace Officers Standards and Training board.

break, was required to take a one-hour unpaid lunch break.  *Id.*  This pay and benefit disparity

existed throughout plaintiff's employment as a civilian officer.  (ECF No.1, p.8).

### III.    LEGAL STANDARDS

Defendant moves to dismiss under both Fed.R.Civ.P. 12(b)(1) and 12(b)(6); however,

defendant concedes its motion is better styled solely under Fed.R.Civ.P. 12(b)(6).  (ECF No. 21,

p.1).  The court will therefore address defendant's motion as one made only under Fed.R.Civ.P.

12(b)(6).

### A.    Standard for Fed.R.Civ.P. 12(b)(6) Dismissal:

A dismissal under Fed.R.Civ.P. 12(b)(6) is appropriate "only when it appears that the

plaintiff can prove no set of facts in support of the claims that would entitle him to relief,

accepting the well-pleaded allegations of the complaint as true and construing them in the light

most favorable to the plaintiff."  *Yoder v. Honeywell, Inc.,* 104 F.3d 1215, 1224 (10th Cir.

1997)(internal citations omitted), *cert. denied,* 522 U.S. 812, (1997).  In considering a motion

under this federal rule, the court's function is not to weigh potential evidence that the parties

might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to

state a claim for which relief may be granted.  *Id.,(*quoting *Miller v. Glantz,* 948 F.2d 1562. 1565

(10th Cir. 1991))(quotations omitted).

In doing so, the Court "must accept all the well-pleaded allegations of the complaint as

true and must construe them in the light most favorable to the plaintiff."  *David v. City & County

of Denver,*  101 F.3d 1344, 1352 (10th Cir. 1996).  However, relief must plausibly follow from

the facts alleged.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 570 (2007).  Thus, even though

modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or

inferential allegations respecting all the material elements necessary to sustain a recovery under

some viable legal theory." *Bryson v. Gonzales,* 534 F.3d 1282, 1286 (10th Cir. 2008)(internal

quotation marks and citation omitted).

**B.      Standard for Judicial Notice in Motion to Dismiss:**

Ordinarily, consideration of material attached to or referenced by a defendant's motion to

dismiss requires the court to convert the motion into one for summary judgment and afford the

parties notice and an opportunity to present relevant evidence.  Fed.R.Civ.P. 12(b); *David v. City*

*& County of Denver,* 101 F.3d 1344, 1352 (10th Cir.1996).  However, Fed.R.Evid. 201 allows a

court at any stage of the proceeding, to take notice of "adjudicative" facts that fall into one of

two categories: (1) facts that are "generally known within the territorial jurisdiction of the trial

court;" or (2) facts that are "capable of accurate and ready determination by resort to sources

whose accuracy cannot reasonably be questioned."  Fed.R.Evid. 201 (b) and (f).  "Adjudicative

facts are simply the facts of the particular case."  *United States v. Wolby*, 133 F.3d 758, 764 (10th

Cir.1998).  A court has discretion to take judicial notice of such facts, whether requested or not.

Fed.R.Evid. 201 (c).

Matters of public record may be subject to judicial notice and considered in a Rule

12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment.

*Grynberg v. Koch Gateway Pipeline Co.,* 390 F.3d 1276, 1278 n.1 (10th Cir. 2004)(court may

take judicial notice of matters of public record).  Thus, it is well established that courts may take

judicial notice of statutes.  *United States v. Coffman,* 638 F.2d 192, 194 (10th Cir.1980); see also

*Roemer v. Board of Public Works,* 426 U.S. 736, 742 n.4 (1979); *Ray v. Aztec Well Service Co.,*

748 F.2d 888, 889 n.2 (10th Cir. 1984).  Statutes are considered legislative facts, established

truths, facts or pronouncements that do not change from case to case but apply universally and

are considered by the court to show their contents rather than to prove the truth of a matter.

*Coffman*, 390 F.3d at 195; *Tal v. Hogan,* 453 F.3d 1244, 1245 n.24 (10th Cir. 2006).

C.      **Continuing Violation Doctrine:**

Failing to file within the statutory period is not a complete bar to recovery; if a plaintiff

can show a "continuing violation," relief is not time-barred.  *Purrington v. Univ. of Utah,* 996

F.2d 1025, 1028 (10th Cir. 1993).  Under the continuing violation doctrine, a combination of

discriminatory acts is treated as one continuous act that ends within the limitations period.  *Id.*

To invoke this doctrine, a plaintiff must show a series of related acts against a single individual,

one or more of which falls within the limitations period.  *Mascheroni v. Board of Regents of*

*Univ. of Cal.,* 28 F.3d 1554, 1561 (10th Cir.1994).  To constitute a continuing violation these

related acts must show an on going and "dogged pattern of discrimination, as distinguished from

isolated and sporadic outbursts."  *Bennet v. Quark, Inc.,* 258 F.3d 1220, 1227 (10th Cir.

1993)(quotation omitted).

The well-established factors relevant to this determination are: (1) the subject matter of

the acts—whether the violations constitute the same type of discrimination; (2) the frequency of

the acts; and (3) the permanence of the acts—whether the nature of the violations should trigger

an employee's awareness of the need to assert his rights and whether the consequences of an act

would continue even in the absence of a continuing intent to discriminate.  *Id.*, (citing *Bullington*

*v. United Airlines, Inc.,* 186 F.3d 1301, 1310 (10th Cir. 1999)).

The third factor, permanence, reflects that the continuing violation doctrine is premised

on the equitable notion that the statute of limitations should not begin to run until a reasonable

person would be aware that his rights have been violated.  *Robbins v. Jefferson County Sch.*

*Distr, R-1,* 186 F.3d 1253, 1257 (10th Cir. 1999).  While this factor permits a plaintiff to recover

for discriminatory acts that occurred prior to the statutory limitations period if they are part of a

continuing policy or practice that includes the act or acts within the statutory period, it is a

doctrine to be narrowly applied in Section 1983 suits and is not intended to excuse plaintiffs

from diligently pursuing their claims. *Rassam v. San Juan Coll. Bd.,* 113 F.3d 1247 (10th Cir.

1997)(unpublished).

## IV    DISCUSSION

Plaintiff contends that defendant's adoption of a policy of "paying two groups of

similarly situated individuals employed as marshals differently for performing the same work"

violates plaintiff's constitutional right of equal protection.  (ECF Nos. 1 and 17).  Plaintiff asserts

that even if the matters outside the pleadings are considered, his earlier EEOC charge of

discrimination does not reveal awareness of his current claim at a point in time that would now

bar his claim under the applicable Statute of Llimitations; his equal protection claim under

Section 1983 does not have administrative exhaustion requirements and defendant's statute of

limitations defense fails because of the continuing nature of the violation.  (ECF No.17).  Finally,

plaintiff argues that his complaint should withstand dismissal because it is neither conclusory nor

implausible but rather establishes that the marshals employed by defendant are similarly situated

but, paid differently.  (ECF Nos. 1 and 17, pp.10-14).

Defendant counters that plaintiff's EEOC charge demonstrates that plaintiff's claim is

indeed time-barred because he specifically identified the claim underlying that charge as "equal

pay for equal work." (ECF No. 21, pp.2-3).  Defendant also notes that plaintiff's EEOC charge

is dated June 4, 2010; that plaintiff filed his current claim on June 4, 2013 and thus appears to

have relied on the three-year statute of limitations that applied to Section 1983 claims until

Colorado in 1986, amended that to provide for a two-year statute of limitations.  (ECF No.21,

p.3, n.1).  Finally defendant contends that plaintiff's claim is fatally flawed as a matter of law

because the two types of marshals/officer employed by the CSPD as defined in Colorado statute

are fundamentally different and thus defendant's pay practices that reflect a classification of

CSPD employees based on their job duties and responsibilities are rational.  (ECF No. 21, pp.6-

10).

      The Equal Protection Clause of the Fourteenth Amendment commands that no state shall

"deny to any person within its jurisdiction the equal protection of the laws," which is essentially

a direction that all persons similarly situated should be treated alike  *McGowan v. City of Eufala,*

472 F.3d 736, 745 (10th Cir. 2006).  To support plaintiff's claim in the instant matter, plaintiff

must establish that he was similarly situated to the uniformed/sworn officers in all relevant

respects.  *Aramburu v. Boeing Co.,* 112 F.3d 1398, 1404 (10th Cir. 1997)("Similarly situated

employees are those . . . . subject to the same standards governing performance evaluation and

discipline.").  An equal protection claim will fail "if there is any reasonably conceivable state of

facts that could provide a rational basis for the classification." *Copelin-Brown v. N.M. State*

*Personnel Office,*  399 F.3d 1248, 1255 (10th Cir. 2005).

      Thus while in the context of defendant's motion to dismiss under 12(b)(6), I accept all of

the allegations in the complaint as true, I must then consider these facts according to the

deferential rational basis standard.  *Brown v. Zavaras,* 63 F.3d 967, 971-72 (10th Cir. 1995).  "To

survive a motion to dismiss for failure to state a claim, a plaintiff must allege facts sufficient to

overcome the presumption of rationality that applies to government classifications." *Id.*

(quotation omitted).

      In carefully considering the record in this matter, I have taken judicial notice of both the

EEOC charge (ECF No.10, Ex.1), and the relevant statutes.  (C.R.S. §§ 16-2.5-103; 16-2.5-105

and 16-2.5-145).  Under a plain reading of the statute(s) authorizing certified police officers and noncertified peace officers[2], there is a discernable difference between the two categories of officers.  The uncertified or civilian officer has limited law enforcement authority whereas the sworn/certified officer has unlimited law enforcement authority.  *Id.*

In meeting the rational-basis standard, a legislature or government decision maker is not required to actually articulate, the purpose or rationale supporting its differentiation.  *Teigen v. Renfrow,* 511 F.3d 1072, 1083 (10th Cir. 2007).  Under the rational basis test, "[a]n equal protection claim will fail if there is any reasonably conceivable state of facts that could provide a rational basis for the classification."  *Id.*

In fact, it is well established in this Circuit that the rationality of the governmental conduct at issue is presumed and a plaintiff bears the burden to overcome that presumption of rationality.  *Id.* at 1086; see also *Heller v, Doe,*  509 U.S. 312, 320-21 (1993)(holding plaintiffs have the burden to establish that the policy is unconstitutional and to negative every conceivable basis which might support it, whether or not the basis has a foundation in the record").  Thus, a governmental designation must be upheld against an equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification. *Heller,*  509 U.S. at 320.

Given this deferential standard, I will not address defendant's argument regarding the EEOC charge because under an equal protection analysis, the statutory authority for the two groups of police officers demonstrates that the two groups are not similarly situated.  The two

---

[2] C.R.S. § 16-2.5-103.  Sheriff – undersheriff – certified deputy sheriff – noncertified deputy sheriff:
(1) A sheriff, an undersheriff, and a deputy sheriff are peace officers whose authority shall include the enforcement of *all* laws of the State of Colorado.  . . . .
(2) A noncertified deputy sheriff or detention officer is a peace officer employed by a county or city whose authority *is limited* to the duties assigned by and while working under the direction of the chief of police, sheriff, an official  . . . . .
(emphasis added)

groups' differing levels of law enforcement authority provide defendant with a rational basis for differing pay grades.  Treatment of dissimilarly situated groups in a dissimilar manner by the government does not violate the Equal Protection Clause.  Plaintiff has therefore failed to allege facts indicating that similarly situated individuals were treated differently by the government actor and thus, has failed to state a claim upon which relief can be granted.

## V.    CONCLUSION

For the reasons stated above defendant's Motion to Dismiss (ECF No. 10) is GRANTED. Plaintiff's Complaint (ECF No.1) is DISMISSED.  Each party is to bear his or its own attorney's fees and costs.


IT IS SO ORDERED
DATED this 3rd day of August, 2015.

BY THE COURT:

_____

RAYMOND P. MOORE
United States District Judge